Mr. Justice CLIFFORD
 

 delivered the opinion of the court in all the cases, giving it as follows:
 

 I. In Fitzpatrick’s and the Seven other Cases.
 

 Twenty per cent, additional pay is allowed by the joint resolution of the twenty-eighth of February, 1867, to certain persons or classes of persons therein described, who are employed in the civil service of the United States in this
 
 *573
 
 city, whose salaries, as fixed by law, do not exceed three thousand five hundred dollars per annum, to be paid out of any money in the treasury not otherwise appropriated.
 
 *
 

 Objection is made in several of the pending cases arising under that resolution that the claimant does not show himself to be an employé in the civil service of the United States, which, it is said is the primary condition and the one required to be shown in every case before the party can lawfully claim the prescribed additional compensation, and the attempt is made by the appellants to restrict the meaning of the term civil service so as to exclude all persons from the benefits of the provision except such as have been appointed to office or hold appointments of some kind in that service. They contend that the words “ in the civil service” were not employed merely to contradistinguish the service described from that of the military or naval service of the United States, but also to show that the persons entitled to the benefits of the enactment must be persons filling offices or holding appointments established by law.
 

 Beyond doubt those words were intended to contradistinguish the service described from that of the military or naval service, but the court is unable to concur in the proposition that they were also intended to restrict the operation of the resolution to persons in office in the civil service, or to persons holding appointments in that service as salaried officers.
 

 Certain described persons and classes of persons are plainly-entitled to the benefit of the provision, whether regarded as officers or as mere employés, and it is no valid argument against that proposition to show that there are or may be other employés or persons in the civil service here, who are not within that description, as the terms of the enactment are special and do not extend to every employment in that service, but only to the described persons and classes of persons therein mentioned.
 

 Civil officers whose salaries, as fixed by law, do not exceed
 
 *574
 
 three thousand five hundred dollars per annum are clearly ■within the terms of the resolution, aud so are temporary and other clerks, messengers, and watchmen, including enlisted men detailed as such, and employés, male and female, in the executive mansion, and in the state, treasury, war, navy, interior, and post office departments, and the department of justice, or in any bureau or division'of such a department, including the agricultural bureau, and all civil officers, whether permanent or temporary, in the offices of the coast survey, naval observatory, navy yard, arsenal, paymaster-general, commissary-general of prisoners, bureau of refugees, freedmen, and abandoned lands, office of quartermaster, capitol, and treasury extension, city post office, and commissioner of public buildings, and the other officers and employés described in the same resolution.
 

 By the finding of the Court of Claims it appears that Fitzpatrick was an employé in the office of the commissioner of public buildings, as keeper of the western gate of the Capitol; that Hall was an employé in the office of the commissioner of public buildings, in that part of the Capitol called the crypt; that Bohn was an employé in the office of the commissioner of public buildings, as a laborer on the public grounds; that Lytle was an employé in the office of the commissioner of public buildings, as watchman in the east grounds of the Capitol; that Holbrook was an employé in the office of the commissioner of public buildings, as watchman at the stables; that Richards was an employé in the office of the commissioner of public buildings, as watchman on the Capitol dome; and that Newman was an employé in the office of the commissioner of public buildings, as captain of the Capitol police. Employés in the office of the commissioner of public buildings being within the very words of the joint resolution, the Court of Claims in each of these cases rendered judgment for the claimant, and the United States appealed to this court.
 

 Most of the defences to the several claims have already been considered in the remarks preceding the statement of the case, but there are also certain speical objections which
 
 *575
 
 deserve some consideration, as, for example, it is insisted that the question whether the claimant was or was not an employé in the office of the commissioner is a question of law and nota question of fact, and that being a question of law it may be re-examined in this court.
 

 Whether the claimant was or was not employed by the commissioner of public buildings is certainly a question of fact, but the question as to what relation he sustained to that office may perhaps be a question of law, as assumed by the United States. What they contend is that the words of the act “ in the office of” have respect to another class of employés, that those words refer to the clerks and messenger aud the like, but the court is of a different opinion, as clerks and messenger are specially mentioned in the same enactment, which shows that the words “ employés in the office of” were intended to embrace a class of persons other and different from the persons having appointments as officers in the building assigned to the commissioner. Such an interpretation would be too restricted to comport with the general scope aud object of the resolution, or with any of the canons of construction usually applied in ascertaining the meaning of a remedial law.
 

 Offices may be aud usually are divided into two classes— civil aud military. Civil offices are also usually divided into three classes—political, judicial, and ministerial. Political offices are such as are not immediately connected with the administration of justice, or with the execution of the mandates of a superior, as the President or head of a department. Judicial offices are those which relate to the administration of justicé, and which must be exercised by the persons appointed for that purpose and not by deputies. Ministerial offices are those which give the officer no power to judge of the matter to be done, and which require him to obey some superior, many of which are merely employments requiring neither a commission nor a warrant of appointment, as temporary clerks or messengers.
 
 *
 

 
 *576
 
 Neither a commission nor a warrant of appointment is necessary to entitle an employé to the benefit of the pro-' vision under consideration, provided he was actually and properly employed in the executive mansion, or in any of the departments, or in any bureau or division thereof, or in the office of tbe Capitol or Treasury Extension, or in the office of the commissioner of public buildings, or in any other of the offices therein mentioned, if it appears that he is one of the persons or class of persons described in the joint resolution. Persons so employed are properly in the service if they were employed by the head of the department or of the bureau or any division of the department charged with that duty and authorized to make such contracts and fix the compensation of the person employed, even though the particular employment may not be designated in an appropriation act.
 

 Man}' persons not employed as clerks or messengers of a department, are in the public service by virtue of an employment by tbe bead of the department or by the head of some bureau of the department authorized by law to make such contracts, and such persons are as much in the civil service within tbe meaning of the joint resolution as the clerks and messengers employed in the rooms of the department building.
 
 *
 

 Tested by these rules it is clear that each of the eight claimants whose cases are under consideration were employés in the office of the commissioner of public buildings, and that tbe judgment of the Court of Claims in each case was correct.
 

 Judgment in bach case apeirmed.
 

 II. In Miixer’s Case.
 

 Judgment for the claimant was rendered in this case by the Court of Claims uudér the joint resolution of Congress
 
 *577
 
 giving additional compensation to certain employés of the government in the civil service in this city. Preceding the entry of the judgment is a finding of the facts, which is also agreed to by the counsel of the parties, as follows: (1.) That ihc claimant w-as appointed foreman of carpenters by the Secretary of the Interior, at a salary of eighteen hundred dollars, and that he was in the service of the United States, in connection with the Capitol Extension, continuously for one year at that salary. (2.) That he was paid monthly, as in the case of other salaried officers; that he received materials for the work upon the Capitol building, made up daily reports, had the charge of workmen, and performed such duties as were assigned him by the architect of the Capitol Extension, and that he w-as paid out of the same appropriation as the architect, clerks, and others connected with that v'ork.
 

 Several defences were set up by the appellants, as follows: (1.) That he is not an appointee of the Secretary of the Interior, and that he was not an employé in the civil service. (2.) That he does not show- himself to have been an employé in the office of the Capitol Extension. (3.) That he was not an employé in any of the departments specified in the joint resolution.
 

 Support to first proposition is supposed to be derived from the fact alleged in argument, w-hich is not found by the court, that the claimant was employed in the first place ata compensation of five dollars per day, exclusive of Sundays, and from the copy of a letter not introduced in evidence, addressed by the Secretary of the Interior to the disbursing agent of the Capitol Extension, in which he gives authority to that agent to pay the claimant from that date as timekeeper, &c., on the Capitol Extension, at the rate of one hundred and fifty dollars per month for the time he actually-worked until further orders.
 

 Two remarks w-ill afford a sufficient reply to those suggestions : (1.) That such evidence cannot be received in this coui’t to contradict the finding of the Court of Claims. (2.) Suppose it could, it would constitute no defence to the claim,
 
 *578
 
 as it only shows a mistake iu the appellation given by the government to the employment. Enough appears in the letter to show that he was employed by authority of the Secretaiy of the Interior, and that his compensation was fixed as alleged, by the head of that department. Grant that the 'etter does not amount to a warrant of appointment, still if it be admitted as evidence it clearly shows that he was employed by the authority of the secretary, which, instead of contradicting, actually fortifies the finding of the court.
 

 Sufficient has already been remarked in disposing of the first defence set up by the appellants, to show that the second cannot be sustained, as the claimant does show that he was employed in the public service on the Capitol Extension. Employed as he was by the authority of the Secretary of the Interior, it is clear that he was an employé iu the civil service in that department, as neither a commission nor a warrant of appointment is required to evidence such an employment.
 

 Argument to show that the work designated by the words “ Capitol Extension ” was under the supervision of the Secretary of the Interior is unnecessary, as the act of Congress of the sixteenth of April, 1862, provides that the supervision of the Capitol Extension and the erection of the new dome be and the same is hereby transferred from the War Department to the Department of the Interior.
 

 None of the errors assigned can be sustained, and they are accordingly overruled.
 

 Judgment affirmed.
 

 III. In Manning’s Case.
 

 Persons to act as watchmen or guards at the jails in this District are usually selected by the warden of the jail, subject to the approval of the head of the department, but their number aud the amount of their compensation are fixed by the Secretary of the Interior, as they are paid out of the judiciary fund, over which he exercises control.
 

 By the act of the twenty-seventh of February, 1801, the
 
 *579
 
 custody of the jails was intrusted to the marshal of the District, and he was made accountable for the safe keeping of the prisoners.
 
 *
 

 Congress, however, on the twenty-ninth of February, 1864, created the office of warden of the jail, and enacted that he should have all the power and should discharge all the duties previously exercised and discharged over the jail and the prisoners by the marshal.
 
 †
 

 Supervisory power over the accounts of marshals is given by the act of Congress upon the subject to the Secretary of the Interior, and the' express provision is that the warden shall annually, in the month of November, make a detailed report to the Secretary of the Interior.
 
 ‡
 

 Judgment was rendered for the claimant, and the court below made the following finding of facts: (1.) That the claimant was employed as watchman or guard at the jail in this city for one year, at a salary of twelve hundred dollars per year, paid to him monthly by the disbursing officer of the Department of the Interior, and it is conceded by the appellants that the pay of such employés was fixed at that rate by the secretary of that department. (2.) That he made application to the first comptroller of the treasury for the additional compensation, which is the subject of controversy, and that his application was refused.
 

 1. Objection is made in this case, as in those previously decided, that the claimant does not show that he was an employe in any one of the departments, or in any bureau or division thereof, or in any office named in the joint resolution. His appointment, it is said, is not authorized by statute, nor is his compensation prescribed by any appropriation act; and the argument is, that inasmuch as neither his employment nor his compensation is directly known to any act of Congress, he cannot be regarded as an employé in the civil service of the United States; but the court is entirely of a different opinion, as the office of warden is an
 
 *580
 
 office created by law, and the appointee of the office is required to report to the Secretary of the Interior.
 

 Guards at the jail are selected by the warden, but their compensation is fixed by the Secretary of the Interior, and they are paid by him, and it makes no difference whether the pay is charged to the appropriation for the department or to the judiciary fund, as the fact remains that the whole subject is under the supervision of the head of that department; whether their pay is charged to the one fund or to the other, the charge for their services must be approved by the warden, and must be included in his report to the Secretary of the Interior, where the same is subject to a further revision. Evidently they are employés in a bureau or division of the Interior Department, as their compensation is fixed by the head of that department, and the officer by whom they are employed is required annually to make a detailed report to that department of all his official acts.
 

 Persons employed in a bureau or division of a department are as much employés in the department, within the meaning of the joint resolution, as the messengers and others rendering service under the immediate supervision of the secretary, or those specially named in the provision as entitled to its benefits. Unquestionably guards of the jail ai'e employés of the. warden, and the office of warden of the jail is a bureau or division of the Department of the Interior.
 

 Viewed in that light, as the case must be, it is clear that the claim is well founded, and we are all of the opinion that the judgment should be
 

 Affirmed.
 

 *
 

 14 Stat. at Large, 569.
 

 *
 

 Mallory’s Case, 3 Hott
 
 &
 
 Huntington, 257; Kirby’s Case, lb. 265.
 

 *
 

 United States
 
 v.
 
 Belew, 2 Brockenbrough, 280; Graham
 
 v.
 
 United States, 1 Nott & Huntington, 380; Commonwealth
 
 v.
 
 Sutherland, 3 Sergeant & Rawle, 149.
 

 *
 

 2 Stat. at Large, 106.
 

 †
 

 13 ia. 12.
 

 ‡
 

 13 Id. 12; 9Id. 396.