Drake, Ch. J.,
delivered the opinion of the court:
The claimant sues under the Joint Resolution, February 28, 1867, (14 Stat. L., 569,) for $400, being 20 per cent, on his compensation as assistant of the United • States attorney for the District of Columbia; and his petition alleges that for one year from and after the 30th of June, 1866, he was employed by the Attorney General as such assistant; that his compensation as such for that period of time was fixed by the Attorney-General at $2,000, and that during the whole of - that time he acted as such assistant at Washington, in said District.
To this petition the defendants demur; and the question raised by the demurrer is whether the claimant is • entitled to the 20 per cent, additional compensation under the joint resolution.
To a proper decision of this question it is necessary to ascertain the legal position of the claimant toward the Department of the Attorney-General. This is determined by the “ Act concerning the Attorney-General and the attorneys and marshals of the several districts,” approved August 2, 1861, (12 Stat, L., 285,) the first two sections of which are as follows:
“ Sec. 1. That the Attorney-General of the United States be, *568 and be is hereby, charged with the general superintendence and direction of the attorneys and marshals of all the districts in the United States and the Territories as to the manner of discharging their respective duties; and the said district attorneys and marshals are hereby required to report to the Attorney-General an account of their official proceedings, and the state and condition of their respective offices, in such time and manner as the Attorney-General may direct.
“ Sec. 2. That the Attorney-General be, and he is hereby, empowered, whenever in his opinion the public interest may require it, to employ and retain, in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties, and shall stipulate with such assistant counsel the amount of compensation.”
These provisions establish the legality of the employment of the claimant as an assistant of the district attorney. The next question is, whether as such assistant he was included within the terms of the joint resolution.
That resolution specifies the following classes of persons entitled to its benefits: 1, civil officers; 2, clerks$ 3, messengers; 4, watchmen ; and 5, employés. If the claimant can recover, it must be in the character of an employé; for he was not a civil officer, a clerk, a messenger, or a watchman. It is therefore necessary to quote here only so much of the joint resolution as relates to employés; which is as follows :
“That there shall be allowed and paid * * * to the following-described persons, now employed in the civil service of the United States, at Washington, as follows: To * * * em-ployés * * * in any of the following-named Departments, or any bureau or division thereof, to wit: State, Treasury, War, Navy, Interior, Post-Office, Attorney-General, * * * an additional compensation of 20 per centum on their respective salaries as fixed by law, or, where no salary is fixed by law, upon their pay respectively, for one year from and after the 30th day of June, 1866.”
It cannot be questioned that the claimant was “ employed in the civil service of the United States$” for in the language of the Supreme Court in The Twenty-per-cent. Cases, (13 Wall., 568,) “beyond doubt those words [civil service] were intended to con-tradistinguish the service described from that of the military or naval service.”
*569 Was tbe claimant also an employé in tbe civil service of tbe United States at Washington ? On this point there can be no doubt. The petition alleges that he acted in Washington; and Ms duty, as prescribed by law, was to assist an officer whose duties were to be performed there, and nowhere else; and, necessarily, the assistant’s duties were to be performed there too, and nowhere else. For though the officer was the attorney of the United States for the District of Columbia, yet all know, and always have known, that there is no other place than Washington in that District where any of the duties of the district attorney are ordinarily to be performed.
If, then, the claimant was in the civil service at Washington, was he an employé in any of the Departments named in the joint resolution ? On this point the rulings of the Supreme Court are decisive. In The Twenty-per-cent. Cases (ut supra) that court said: “Neither a commission nor a warrant of appointment is necessary to entitle an employé to thebenefit of the provision under consideration, provided he was actually and properly employed * * * in any of the Departments, * * * if it appears that he is one of the persons or class of persons described in the joint resolution. Persons so employed are properly in the, service if they were employed by the head of the Department or of the bureau or any division of the Department charged ■ with that duty and authorized to make such contracts and fix the compensation of the person employed, even though the particular employment may not be designated in any appropriation act.” Again in the same case the court said: “Persons employed in a bureau or division of a Department are as much employés in the Department, within the meaning of the joint resolution, as the messengers and others rendering service under the immediate supervision of the Secretary, or those especially named in the provision as entitled to its benefits.” And again, in The Twenty-per-cent. Cases, (20 Wall., 179,) the court said: “Such persons are as much in the civil service of the United States, within the meaning of the joint resolution, as the clerks and messengers employed in the rooms of the Department building.”
Governed by the views thus expressed, the Supreme Court held that guards at the jail in Washington were employés in a bureau or division of the Department of the Interior, though they were appointed by the warden of the jail; and this decision was rested upon the grounds: 1. That the warden was *570 required to make annually a detailed report to that Department of all his official acts, and his office, therefore, was a bureau or division of the Department$ and 2. That the compensation of the guards was fixed by the Secretary of the Interior.
If, therefore, a guard at the jail of the District of Columbia was, for those reasons, to be considered an employé in the Department of the Interior, though he was selected by an officer not appointed by that Department, nor responsible to it except to make an. annual report to it, much more should this claimant be considered an employé in the Department of the Attorney-General, when he was appointed by that officer himself and not by a head of a bureau or division; was to hold employment at his will j was to receive the compensation which he prescribed; was to be directly responsible to him$ and was to assist an officer who was, by law, subjected to the Attorney-General’s superintendence and direction, and required to report to him, in such time and manner as he might direct.
The demurrer must be overruled.