## BURNAP *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 228. Argued March 12, 1920.—Decided April 19, 1920.

The power to remove from public office or employment is, in the absence of any statutory provision to the contrary, an incident of the power to appoint, and the power to suspend is an incident of the power of removal. P. 515.

In § 169, Rev. Stats., which authorizes each "head of a Department"

to employ clerks, messengers, laborers, etc., and other employees, "head of a Department" means the Secretary in charge of a great division of the executive branch, who is a member of the Cabinet, and does not include heads of bureaus or lesser divisions. P. 515.

The term "employ" as thus used is the equivalent of appoint. *Id.*

The terms "clerks" and "other employees," as used in Rev. Stats., § 169, include persons filling positions which require technical skill, learning and professional training. *Id.*

Whether the incumbent is an officer or an employee is determined by the manner in which Congress has specifically provided for the creation of the several positions, their duties and appointment thereto. P. 516.

Although the Office of Public Buildings and Grounds is part of the bureau of the Chief of Engineers, in the War Department, appointment of a landscape architect (whose employment is authorized by general appropriation acts) is not to be made by the Secretary of War under the general authority of Rev. Stats., § 169, but by the Chief of Engineers, under the specific authority given him by § 1799, to employ in such office and in and about the public buildings and grounds under his control such persons as may be appropriated for from year to year. *Id.*

The power to remove such landscape architect is with the Chief of Engineers as an incident of the power of appointment, and is not affected by the fact that the appointment, acquiesced in by the Chief of Engineers, was made without authority by the Secretary. P. 518.

In the absence of regulations prescribed by the President through the War Department under Rev. Stats., § 1797, and assuming the regulations governing the classified Civil Service as applied to the Engineer Department at large do not affect the Office of Public Buildings and Grounds, the power of the Chief of Engineers to remove the landscape architect is to be exercised in the manner prescribed by the Act of August 24, 1912, c. 389, § 6, 37 Stat. 555, and Civil Service Rule XII. P. 519.

The landscape architect in the Office of Public Buildings and Grounds is not an officer but an employee. *Id.*

53 Ct. Clms. 605, affirmed.

THE case is stated in the opinion.

*Mr. George A. King,* with whom *Mr. William B. King* and *Mr. William E. Harvey* were on the brief, for appellant.

*Mr. Assistant Attorney General Davis*, with whom *Mr. Harvey D. Jacob* was on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

On July 1, 1910, Burnap entered upon duty in the Office of Public Buildings and Grounds as landscape architect at the salary of $2400 a year, having been appointed to that position by the Secretary of War. On September 14, 1915, he was suspended, upon charges, from duty and pay; and on August 3, 1916, he was discharged "in order to promote the efficiency of the service." His successor was not appointed until July 20, 1917. Burnap contends that his suspension and discharge were illegal and hence inoperative; that he retained his position until his successor was appointed; and that until such appointment he was entitled to his full salary. *United States* v. *Wickersham*, 201 U. S. 390. His claim for such salary was rejected by the Auditor of the War Department (of which the Office of Public Buildings and Grounds is a part), and, upon appeal, also by the Comptroller of the Treasury. Then this suit was brought in the Court of Claims. There his petition was dismissed and the case comes here on appeal.

Burnap rests his claim mainly upon the fact that he was appointed by the Secretary of War, contending that, therefore, only the Secretary of War could remove him (21 Ops. Atty. Gen. 355), and that no action tantamount to a removal by the Secretary was taken until his successor was appointed. Before discussing the nature and effect of the action taken, it is necessary to consider the general rules of law governing appointment and removal in the civil service of the United States, the statutes relating to the Office of Public Buildings and Grounds, and those providing for the appointment of a landscape architect therein.

*First.* The Constitution (Art. II, § 2) confers upon the

President the power to nominate, and with the advice and consent of the Senate to appoint, certain officers named and all other officers established by law whose appointments are not otherwise therein provided for; but it authorizes Congress to vest the appointment of inferior officers either in the President alone, in the courts of law or in the heads of departments (6 Ops. Atty. Gen. 1). The power to remove is, in the absence of statutory provision to the contrary, an incident of the power to appoint. *Ex parte Hennen,* 13 Pet. 230, 259, 260; *Blake* v. *United States,* 103 U. S. 227, 231; *United States* v. *Allred,* 155 U. S. 591, 594; *Keim* v. *United States,* 177 U. S. 290, 293, 294; *Reagan* v. *United States,* 182 U. S. 419, 426; *Shurtleff* v. *United States,* 189 U. S. 311, 316. And the power of suspension is an incident of the power of removal.

Section 169 of the Revised Statutes provides that:

"Each head of a Department is authorized to employ in his Department such number of clerks of the several classes recognized by law, and such messengers, assistant messengers, copyists, watchmen, laborers, and other employés, and at such rates of compensation, respectively, as may be appropriated for by Congress from year to year."

The term head of a Department means, in this connection, the Secretary in charge of a great division of the executive branch of the Government, like the State, Treasury, and War, who is a member of the Cabinet. It does not include heads of bureaus or lesser divisions. *United States* v. *Germaine,* 99 U. S. 508, 510. Persons employed in a bureau or division of a department are as much employees in the department within the meaning of § 169 of the Revised Statutes as clerks or messengers rendering service under the immediate supervision of the Secretary. *Manning's Case,* 13 Wall. 578, 580; *United States* v. *Ashfield,* 91 U. S. 317, 319. The term employ is used as the equivalent of appoint. 21 Ops. Atty. Gen. 355, 356. The term clerks and other employees, as there

used, is sufficiently broad to include persons filling positions which require technical skill, learning and professional training. 29 Ops. Atty. Gen. 116, 123; 21 Ops. Atty. Gen. 363, 364; 20 Ops. Atty. Gen. 728. The distinction between officer and employee in this connection does not rest upon differences in the qualifications necessary to fill the positions or in the character of the service to be performed. Whether the incumbent is an officer or an employee is determined by the manner in which Congress has specifically provided for the creation of the several positions, their duties and appointment thereto. 15 Ops. Atty. Gen. 3; 17 Ops. Atty. Gen. 532; 26 Ops. Atty. Gen. 627; 29 Ops. Atty. Gen. 116; *United States* v. *Hartwell,* 6 Wall. 385; *United States* v. *Moore,* 95 U. S. 760, 762; *United States* v. *Perkins,* 116 U. S. 483; *United States* v. *Mouat,* 124 U. S. 303; *United States* v. *Hendee,* 124 U. S. 309; *United States* v. *Smith,* 124 U. S. 525; *Auffmordt* v. *Hedden,* 137 U. S. 310; *United States* v. *Schlierholz,* 137 Fed. Rep. 616; *Martin* v. *United States,* 168 Fed. Rep. 198.

*Second.* The powers and duties of the Office of Public Buildings and Grounds had their origin in the Act of July 16, 1790, c. 28, 1 Stat. 130, which authorized the President to appoint three Commissioners to lay out a district for the permanent seat of the Government. By Act of May 1, 1802, c. 41, 2 Stat. 175, the offices of Commissioners were abolished and their duties devolved upon a Superintendent, to be appointed by the President. By Act of April 29, 1816, c. 150, 3 Stat. 324, the office of Superintendent was abolished and his duties devolved upon a Commissioner of Public Buildings. By Act of March 2, 1867, c. 167, § 2, 14 Stat. 466, the office of Commissioner was abolished and his duties devolved upon the Chief of Engineers. By § 1797 of the Revised Statutes as amended by Act of April 28, 1902, c. 594, 32 Stat. 152, it is declared that the Chief of Engineers has "charge of the public buildings and grounds in the District of Columbia, under such regula-

tions as may be prescribed by the President, through the War Department." And § 1812 requires the Chief of Engineers, as Superintendent of Public Buildings and Grounds, to submit annual reports to the Secretary of War to accompany the annual message of the President to Congress.

*Third.* There is no statute which creates an office of landscape architect in the Office of Public Buildings and Grounds nor any which defines the duties of the position. The only authority for the appointment or employment of a landscape architect in that office is the legislative, executive, and judicial appropriation Act of June 17, 1910, c. 297, 36 Stat. 504 (and later appropriation acts in the same form, 36 Stat. 1207; 37 Stat. 388, 766; 38 Stat. 482, 1024; 39 Stat. 93), which reads as follows:

"Public Buildings and Grounds.

"Office of Public Buildings and Grounds: Assistant Engineer, two thousand four hundred dollars; assistant and chief clerk, two thousand four hundred dollars; clerk of class four; clerk of class three; clerk and stenographer, one thousand four hundred dollars; messenger; landscape architect, two thousand four hundred dollars; surveyor, and draftsman, one thousand five hundred dollars; in all, fourteen thousand three hundred and forty dollars." (Then follow the foremen and night and day watchmen in the parks.)

Prior to July 1, 1910, similar appropriation acts had provided for a "landscape gardener" at the same salary. There is no statute which provides specifically by whom the landscape architect in the Office of Public Buildings and Grounds shall be appointed. As the Office of Public Buildings and Grounds is a part of the bureau of the Chief of Engineers, and that bureau is in the War Department, the Secretary of War would, under § 169, have the power to appoint the landscape architect as an employee in his department, in the absence of other provision dealing with

the subject. 21 Ops. Atty. Gen. 355. But § 1799 of the Revised Statutes provides that:

"The Chief of Engineers in charge of public buildings and grounds is authorized to employ in his office and about the public buildings and grounds under his control such number of persons for such employments, and at such rates of compensation, as may be appropriated for by Congress from year to year."

This more specific provision excludes positions in the office of Public Buildings and Grounds from the operation of the general provision of § 169 conferring the power of appointment upon the heads of departments. Compare 10 Dec. of Comptroller of Treas. 577, 583. The appointment of Burnap by the Secretary of War, instead of by the Chief of Engineers, was without authority in law.

*Fourth.* As the power to remove is an incident of the power to appoint, the Chief of Engineers would clearly have had power to remove Burnap, if the appointment had been made by him instead of by the Secretary of War. The fact that Burnap was, by inadvertence, appointed by the Secretary, does not preclude the Chief of Engineers from exercising in respect to him the general power to remove employees in his office conferred, by implication, in § 1799 of the Revised Statutes. The defect in Burnap's original appointment was cured by the acquiescence of the Chief of Engineers throughout five years, so that Burnap's status was better than that of a mere *de facto* officer. But it was not superior to what it would have been if he had been regularly appointed by the Chief of Engineers. *United States* v. *Mouat,* 124 U. S. 303.

*Fifth.* The question remains, whether there was a legal exercise by the Chief of Engineers of his power of removal. The suspension of Burnap was by letter from his immediate superior, the officer in charge of the Office of Public Buildings and Grounds under the Chief of Engineers; and to the latter the papers were promptly transmitted. The

discharge was by direct command of the Chief of Engineers.   Both the suspension and the discharge purported to be ordered pursuant to Paragraph 13 of § 5 of General Orders Number 5 of the Office of Chief of Engineers, 1915, being regulations governing the classified Civil Service as applied to the Engineer Department at Large, approved by the Civil Service Commission and the Secretary of War.[1]  Burnap contends that the provisions of that paragraph were inapplicable to his position; (1) because these regulations relate to the Engineer Department at Large and the Office of Public Buildings and Grounds is not included therein; and (2) because they relate to employees and that the landscape architect was an officer, not an employee.  As has been shown Burnap was an employee. But the main contention is wholly immaterial.  If Paragraph 13 does not apply to the position of landscape architect, the exercise of the right of removal which rested in the Chief of Engineers was governed only by the provisions of the Act of August 24, 1912, c. 389, § 6, 37 Stat. 555,[2] and Civil Service Rule XII.   For no regulations

---

[1] Par. 13: "Discharge for Cause.—Discharge for cause of any regularly appointed classified employee will be subject to the provisions of Civil Service Rule XII and cannot be made without the approval of the Chief of Engineers.  An employee may be suspended without pay by the officer in charge, who should at once furnish the employee with a statement in writing of the charges against him and give him a reasonable time within which to make answer thereto in writing.  As soon as reply is received, or in case no reply is received within the time given him, all papers should be submitted to the Chief of Engineers with full statement of the facts in the case and the officer's recommendations."

[2] C. 389, § 6: "No person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing; and affidavits in support thereof; etc."

relating to the matter appear to have been "prescribed by the President, through the War Department" under the authority reserved in Revised Statutes, § 1797, as amended. It is not contended that the procedure adopted in suspending and removing Burnap disregarded any requirement of the Act of 1912 or of the Civil Service Rule. Nor are we asked to review the discharge as having been made without adequate cause. The power of removal was legally exercised by the Chief of Engineers; and no irregularity has been pointed out in the suspension which was incident to it.

*Sixth.* As the power of discharge was vested in the Chief of Engineers and was unaffected by the fact that the appointment had been inadvertently made by the Secretary of War, we have no occasion to consider the contention of Burnap, that it was beyond the Secretary's power to delegate to the Chief of Engineers authority to remove employees in his bureau. Nor need we consider the contention of the Government, that the action taken was tantamount to a removal by the Secretary, because the discharge was ordered by the Chief of Engineers after consideration of the matter at Burnap's request by the Secretary of War, a reference of it by him to the Judge Advocate General, and a return of the papers by the Secretary of War to the Chief of Engineers for action in accordance with the Judge Advocate General's suggestions.

The judgment of the Court of Claims is

*Affirmed.*