**CAIN v. UNITED STATES.**

No. 47C491.

District Court, N. D. Illinois, E. D.

Sept. 17, 1947.

William C. Dill, of Milwaukee, Wis., and Edward U. Dithmar, of Chicago, Ill., for plaintiff.

Otto Kerner, Jr., of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

Plaintiff brings this suit under Section 41(20), 28 U.S.C.A. (section 24(20) of the Judicial Code, as amended,) commonly known as the "Tucker Act," wherein she seeks to recover the sum of $297.12 claimed to be due her on account of accumulated annual leave to which, as a civilian employee of the Federal Government she alleges she was entitled under the provisions of Title 5 U.S.C.A. Sections 61b and 61d.

The complaint sets out that on October 24, 1944, because of absence in the military service of Judge Minton's regular secretary, she was appointed by Judge Sherman Minton, one of the Judges of the Circuit Court of Appeals for the Seventh Circuit, as his secretary, and that she so remained employed until June 29, 1946. That on June 29, 1946, on account of the return of the former secretary, plaintiff was separated from the Government service without cause.

That under the provisions of Sections 61b and 61d, 5 U.S.C.A. she was entitled

to cumulative leave for the term of her service, which leave amounted to 25 working days and represented the sum of $297.-12. That she has made due demand for this sum but the United States Government has failed and refused to pay the same.

The Government filed its motion to dismiss the complaint on the ground that the Tucker Act does not confer jurisdiction on District Courts to entertain suits brought by officers of the United States for the recovery of fees, salaries or compensation for official services. Therefore, the Government contends that under the Tucker Act this court is without jurisdiction of the parties or subject matter here involved.

The Tucker Act provides:

"The district courts shall have original jurisdiction as follows:

"* * *

"(20) Suits against United States. Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,-000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States. * * *"

"Provided, however, that nothing in this paragraph (section 24(20) of the Judicial Code) shall be construed * * * as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States * * *."

Disposition of the motion now pending before me therefore depends primarily upon whether plaintiff was "an officer of the United States" who brought an action "to recover fees, salary, or compensation for official services" within the meaning of the Tucker Act.

■ The courts seem universally to have held that the limitation of jurisdiction under the Tucker Act applies to those claimants who are "officers of the United States" within the meaning of Article 2, Section 2, Clause 2 of the Constitution of the United States. Kennedy v. United States, 5 Cir., 146 F.2d 26; Callahan v.

United States, 74 App.D.C. 281, 122 F.2d 216; Oswald v. United States, 9 Cir., 96 F.2d 10. Except for this limitation the district courts and the Court of Claims have concurrent jurisdiction.

Article 2, Section 2, Clause 2, of the Constitution of the United States provides: "* * * and he (the President) shall nominate, and by and with the Advice and Consent of the Senate, shall appoint * * * all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

■ It is therefore apparent that in order to be designated an "officer of the United States" a person must have been appointed in one of the modes prescribed in Article 2, Section 2, Clause 2 of the Constitution. In Hoeppel v. United States, 66 App.D.C. 71, 85 F.2d 237, 241, the court states the rule thus: "We think it is well settled that a person in the service of the United States, who has been appointed in any of the modes prescribed in article 2, § 2, Cl. 2 of the Constitution, is an officer of the United States, and, conversely, that any person in the service of the United States who has not been so appointed is not, strictly speaking, an officer of the United States."

In Scully v. United States, C.C., 193 F. 185, 187, the court said: "There can be no offices of the United States, strictly speaking, except those which are created by the Constitution itself, or by an act of Congress * * *."

The Constitution nowhere provides for the appointment of secretaries to either circuit or district judges, and until July 27, 1947, there was no legislation or statutory authority of any kind providing for their appointment. Prior to July 27, 1947, no legislation created the office of secretary to a circuit or district judge, nor provided by whom such secretaries were to be appointed, outlined their duties, or provided for how long they should hold their offices.

Section 222a of Title 28 U.S.C.A. provides for the appointment of law clerks to circuit judges.

The Government admits that no legislation provides for the appointment of secretaries to circuit or district judges, but urges that authority for their appointment is found in the various annual appropriation acts passed by Congress for the operation of the Judiciary. The Government argues that the language used in the various appropriation acts grants to circuit and district judges the power to appoint secretaries, and the judge in each instance being a court of law, the appointment falls within the constitutional provision which grants to Congress the power to vest the appointment of inferior officers in the courts of law.

■ Plaintiff, however, was not appointed pursuant to any express statutory authority therefor. In the absence of such statutory authority plaintiff was not an "officer of the United States" because the constitutional provision here under consideration provides that "Congress may, by law vest the appointment of such inferior officers * * * in the courts of law." In the cases where judges have considered this phrase "by Law" it has been held to mean by specific legislation. Therefore, before an "officer" may be appointed, Congress must have, by specific legislation created such "office." In Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 376, 64 L.Ed. 692, the court held that a landscape architect in the office of Public Buildings and Grounds was an employee and not an officer of the United States the court saying: "There is no statute which creates an office of landscape architect in the office of public buildings and grounds nor any which defines the duties of the position. The only authority for the appointment or employment of a landscape architect in that office is the legislative, executive, and judicial appropriation Act of June 17, 1910 [36 Stat. 468]. * * *"

In the instant case the only authority for the appointment of secretaries to circuit and district judges is found in the annual appropriation acts passed by Congress, but these appropriation acts nowhere create the office of secretary to which this plaintiff might have been appointed and thus have become an "officer of the United States." In Martin v. United States, 8 Cir., 168 F. 198, 203, the court did not accept the argument that the authorization of defendant's employment by the Government through an appropriation act constituted the specific statutory authority required by the Constitution. The court said: "* * * The clerkship of this defendant was never established by any law. The authority under which his service was secured was not to appoint an officer to an office established by act of Congress or by regulation of the department, but 'to employ all assistance necessary for the prompt and efficient performance' of the duties of the commissioners * * * and, when the Secretary of the Interior approved the defendant's employment, * * * he labored under no misapprehension, and did not undertake to create an office for the defendant or to approve his appointment to one."

■ Plaintiff's tenure of office depended entirely upon Judge Minton. She was subject to his directions and her duties were prescribed by him. She performed no services independently of those directed by him. Her duties were not such official duties as involved the exercise of any of the sovereign power of the United States. An important distinction between an office and an employment is that the former involves the exercise of some of the sovereign power of the state. She performed no "official services such as an officer is required by law to perform." Scully v. United States, supra. In Martin v. United States, supra, the court said: "* * * The line which separates officers from employes is shadowy, and possibly not susceptible of precise definition * * *. The clerkship of the defendant was not characterized by much more importance, dignity, or independence than the positions of the stenographers or the janitors, or the other employes about him. He was subject to the orders of the chief clerk, as they were; he was liable to summary discharge by the commissioner without cause, as they were.

The duties of an officer are generally, but not always, prescribed by law, but the duties of the defendant were not. His duties, like those of ordinary employes, were to do whatever the chief clerk or the commissioner directed him to do."

I am of the opinion that plaintiff herein was not an "officer of the United States" within the meaning of that term as it is used in Article 2, Section 2, Clause 2 of the Constitution of the United States, and therefore this court has jurisdiction of the present cause of action.

The Government's motion to dismiss is overruled.