## WEINSTEIN v. UNITED STATES.
### No. 47597.

Court of Claims.

. Dec. 1, 1947.

WHITAKER, J., dissenting.

———◆———

Sidney Schlesinger, of Washington, D. C., for plaintiff.

John R. Franklin, of Washington, D. C., and Peyton Ford, Asst. Atty. Gen., for defendant.

Before JONES, C. J., and HOWELL, MADDEN, LITTLETON and WHITAKER, JJ.

HOWELL, Judge.

Plaintiff sues to recover back salary she claims is due her by reason of her dismissal as a Civil Service employee of the Navy Department, which dismissal she alleges to be wrongful because of noncompliance by the Navy with statutory procedures. The Government demurs to the petition. The facts stated in the petition are as follows:

Plaintiff was employed as a clerk in the Navy Department from July 6, 1936, until her discharge March 15, 1941, such employment being within the scope of the Civil Service Statutes. At the time of her discharge the plaintiff was classified as a Clerk CAF-4, receiving an annual salary of $1,800. Plaintiff was informed on February 11, 1941, by the United States Civil Service Commission that she was barred for a period of three years from Civil Service examinations or reinstatement in the Government service because of unsuitability as revealed by investigation.

On March 14, 1941, plaintiff received notice of her discharge with prejudice effective March 15, 1941, in a communication signed by the Under Secretary of the Navy, which stated: "Subject: Discharge with Prejudice. (1) In consideration of report received from the United States Civil Service Commission in your case, you are hereby discharged for administrative reasons as Clerk CAF-4, $1,800 per annum, effective at close of business March 15, 1941"; no other information relating to her discharge other than the aforesaid was ever given to the plaintiff by the Navy Department.

Hearing was had before the Board of Appeals and Review of the Civil Service

Commission on May 23, 26, and June 23, 1941, as a result of which plaintiff was informed by the Civil Service Commission on December 4, 1942, that the bar against her name had been removed and that proper consideration would be given to any request from an appointing officer for her reinstatement as Clerk-Stenographer.

After receiving this notification, plaintiff applied to the Navy Department for reinstatement, which request was refused by the Under Secretary of the Navy in a letter dated March 18, 1943.

Plaintiff suffered a loss in salary from March 15, 1941, until March 18, 1943, of $3,600, and during such period plaintiff received in private employment wages totaling $2,075, leaving a loss of wages suffered by her in the sum of $1,525. Plaintiff has also suffered the loss of approximately one month's accrued annual leave plus an additional two months' annual leave which would have accrued between March 15, 1941, and March 18, 1943, had she not been discharged, amounting in all to $450. She therefore makes claim for $1,975, together with interest.

On May 28, 1945, plaintiff requested payment for her lost wages and annual leave from the Navy Department, which request was refused. The United States Civil Service Commission refused a similar request on August 21, 1945, and on September 26, 1945, plaintiff addressed a request for payment to the Comptroller General of the United States. On December 10, 1946, the Comptroller General disallowed her claim.

Plaintiff's dismissal is alleged to have been wrongful and unlawful under Section 6 of the Act of August 24, 1912, 37 Stat. 539, 555, 5 U.S.C.A. § 652, in that she was discharged not for a cause that would promote the efficiency of the service, she was not given notice of her impending removal, she was not served with a copy of the charges and was not given a reasonable time to answer them in writing. Her discharge was also claimed to have been unlawful under Section 6 of the Act of June 28, 1940, 54 Stat. 676, 679, 50 U.S.C.A. Appendix, § 1156, in that she was never informed that in the opinion of the Secretary

of the Navy her removal was warranted by the demands of the national security, she was not given an opportunity to personally appear before the proper official in the Navy Department, she was not fully informed by the Secretary of the Navy or anyone on his behalf of the reasons for her removal, and she was not given the opportunity to submit to the Navy a statement or affidavit to show why she should be retained and not removed.

As we have said, the Government demurs. It says that the plaintiff was summarily discharged under the Act of June 28, 1940, 54 Stat. 676, 679, 50 U.S.C.A. Appendix, § 1156. Plaintiff on the other hand says that her dismissal appears to have been made under the authority of the 1912 Act and as such was illegal and void because of noncompliance with procedural requirements and furthermore if plaintiff's discharge was under the 1940 Act as contended by the defendant, it was nevertheless illegal and void because of noncompliance with procedural requirements of that Act. Plaintiff points to Ivan M. Elchibegoff v. United States, 106 C. Cl. 541, which we do not think is controlling in the instant case.

In that case the main question involved was whether or not the statutory procedure required by Section 6 of the Act of August 24, 1912, had been followed effecting plaintiff's discharge and further whether he could maintain a suit for salary for the period until the discharge was made effective in a legal way. This Court concluded on the basis of the record in connection with the termination of the plaintiff's service that the statutory procedure was not followed and permitted the plaintiff to recover his salary for the period until the discharge was made effective in a legal way.

In this case we are concerned with the Act of June 28, 1940, 54 Stat. 676, 679, 50 U.S.C.A.Appendix, § 1156, which in pertinent part reads as follows: "* * * Provided further, That during the national emergency declared by the President on September 8, 1939, to exist, the provisions of section 6 of the Act of August 24, 1912 * * * shall not apply to any civil-ser-

vice employee of the War or Navy Departments or of the Coast Guard, or their field services, whose immediate removal is, in the opinion of the Secretary concerned warranted by the demands of national security, but nothing herein shall be construed to repeal, modify, or suspend the proviso in that section. Those persons summarily removed under the authority of this section may, if in the opinion of the Secretary concerned, subsequent investigation so warrants, be reinstated, and if so reinstated shall be allowed compensation for the period of such removal at the rate they were receiving on the date of removal: And provided further, That within thirty days after such removal any such person shall have an opportunity personally to appear before the official designated by the Secretary concerned and be fully informed of the reasons for such removal, and to submit, within thirty days thereafter, such statement or affidavits, or both, as he may desire to show why he should be retained and not removed."

■ This Act was in effect and specifically applicable to summary dismissals of civilian employees of the Navy Department on March 15, 1941. It was intended to protect the national security by permitting the summary dismissal of questionable employees. Congress did not intend that the requirements of section 6 of the Act of 1912 should be permanently suspended but only temporarily during a period of great national emergency. As a matter of fact, the employee was protected by the language which provided the opportunity of a hearing as well as an opportunity to show cause why he should not be removed; and providing for reinstatement of an employee if subsequent investigation by the Secretary concerned or the official designated by him so warranted and in the event of such reinstatement granting to the employee compensation for the period of removal.

Plaintiff alleges that no other information relating to her discharge was ever given to her by the Navy Department other than the letter of March 14, 1941, making her discharge with prejudice effective March 15, 1941. It is apparent that she did not make a request of the Secretary for a subsequent investigation of the charges nor did she within thirty days after such removal seek an opportunity personally to appear before an official designated by the Secretary concerned and be fully informed of the reasons for such removal nor submit within thirty days thereafter such statements or affidavits or both as she may have desired to show why she should have been retained and not removed.

■ In other words, the Secretary of the Navy did exactly what he was authorized to do under the Act of June 28, 1940, basing his notice of dismissal on the report of the Civil Service Commission "for administrative reasons." Had the Secretary used the expression "for national security reasons," there could be no doubt that he was exercising his rightful authority under this emergency statute. On the other hand, had he used the expression "to promote the efficiency of the service," it would have been perfectly obvious that the notice was based upon the Act of 1912, all of the conditions of which must have been met with compliance. However, since the Secretary chose to give notice of dismissal in such language, we must conclude that he intended to invoke the provisions of the 1940 Act and the use of the words "for administrative reasons" would include "demands of national security."

■ The discharge of the employee was thus effected summarily and the only party who may properly determine whether the plaintiff is entitled to reinstatement and payment of lost wages is the Secretary of the Navy. The statute is very specific on this point and, as the Government contends, if the plaintiff felt at the time that she had a legal right to require compliance by the Secretary of the Navy with the provisions of the 1940 Act that a discharged employee after removal shall have notice of charges and an opportunity to make reply thereto, that right in the event he had refused, could have been enforced in another Court in another form of action.

The plaintiff did apply to the Board of Appeals and Review of the Civil Service Commission for an appeal from the action of the Civil Service Commission barring her for a period of three years from Civil

Service examinations or reinstatement in the Government service because of unsuitability.

■ In this proceeding she was successful and under date of December 4, 1942, she was informed by the Civil Service Commission that the bar against her name had been removed and that proper consideration would be given to any request from an appointing officer for her reinstatement as Clerk-Stenographer. This decision did not in any way challenge or affect the previous notice of discharge issued by the Secretary of the Navy of March 15, 1941; it merely informed the plaintiff that the order of the Commission of February 11, 1941, barring her for a period of three years from Civil Service examinations or reinstatement had been removed and that proper consideration would be given to any request from an appointing officer for her reinstatement.

Her removal by the Secretary was a legal exercise of his power of removal, Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692. Plaintiff's right to recover her salary rests upon a prior performance of other duties not performed which is a condition unfulfilled and for which no action lies in this Court, United States v. McLean, 95 U.S. 750, 24 L.Ed. 579.

It is not necessary for us to consider the Government's other ground for demurrer of laches since we have reached the above conclusion.

The defendant's demurrer is sustained and the petition is dismissed. It is so ordered.

JONES, C. J., and MADDEN, and LITTLETON, JJ., concur.

WHITAKER, Judge (dissenting).

I cannot agree with the opinion of the majority.

Section 6 of the Act of August 24, 1912, 37 Stat. 539, 555, provides that no person shall be removed from a position in the classified civil service until notice of the reasons for his removal shall have been given him in writing, together with a statement of any charges preferred against him, and until he has been allowed a reasonable time for personally answering the allegations against him and for filing affidavits in support thereof.

This section could not have been complied with in this case. Plaintiff was served with notice of her discharge on March 14, effective the following day. Certainly no time was given for answering the allegations against her, nor for filing affidavits in support of her answer.

Nor do I think that the mere statement that she was discharged "for administrative reasons" is a sufficient compliance with the Act. This is not a statement of the reasons for her discharge, nor is it accompanied by a copy of the charges preferred against her. It is said that the discharge is "in consideration of report received from the United States Civil Service Commission," but plaintiff is not advised of the contents of that report.

In my opinion there has been a complete failure to comply with the provisions of section 6 of the Act of August 24, 1912, supra. Ivan M. Elchibegoff v. United States, 106 Ct.Cl. 541.

But it is said that the Act of June 28, 1940, 54 Stat. 676, 679, makes it unnecessary to comply with the provisions of section 6 of the Act of August 24, 1912. It is true that this Act does not make it necessary to comply with the provisions of the Act of August 24, 1912, in a case where the Secretary of the Department concerned is of the opinion that the employee's discharge is warranted by the demands of national security, but there is nothing whatever in the record to show that the Secretary was of opinion that this employee's discharge was warranted by the demands of national security. He has never said so, and we have no right to assume that he thought so.

This case being before us on demurrer, we must take the facts as stated in the petition. We are limited to those facts. We cannot read into the petition something that is not there. We cannot read into the petition an allegation that the Secretary was of opinion that this employee's discharge was warranted by the demands of national security. The demurrer, of course, cannot supply this allegation.

The only reason for her discharge, so far as we know, is that it was deemed advisable "for administrative reasons." This covers a wide latitude. "Administrative reasons" might be a lack of money, might be a failure of the employee to get along with her fellow employees, might be inefficiency in the discharge of her duties, might be the fact that she did not get to work on time, that she loafed on the job,— it might mean a multitude of things; but there was only one excuse for not complying with the provisions of the Act of August 24, 1912 and that was that the Secretary thought that the employee's discharge was warranted by the demands of the national security. Whether or not he thought so, we do not know. If such is the case, the Government should be required to prove it. Certainly we cannot assume it.

I think the demurrer should be overruled.