HAROLD C. JORDAHL, Chairman Natural Resources Board
You have requested my opinion with respect to whether Art.XIII, sec. 3, Wis. Const., bars a "congressional home secretary" from serving as a member of the Natural Resources Board of the Department of Natural Resources.
In relevant part, Art. XIII, sec. 3, Wis. Const., provides:
 "No member of congress, nor any person holding any office of profit or trust under the United States (postmasters excepted) . . ., shall be eligible to any office of trust, profit or honor in this state."
The answer to your question depends on whether a "congressional home secretary" is an officer of the United States, subject to the constitutional prohibition. This office has been *Page 2 
called upon on several prior occasions to render similar opinions with respect to other federal positions. Perhaps the most comprehensive analysis is found in 19 OAG 241 (1930). That opinion lists criteria for distinguishing between office and employment. Those criteria which are characteristic of an office are the following: The position is continuous and permanent, having a fixed tenure. Oath and bond are required. Duties of the position are described by law. The holder of the position has been delegated some portion of the sovereign power. Qualifying this list of criteria, the opinion notes that not all are required in order to conclude that a position constitutes an office. These criteria are likewise not the only tests applicable.
Many federal cases have dealt with the officer-employe distinction. See 54 Am. Jur., United States, secs. 11 and 12, pp. 528-530. Walsh v. United States (E.D. Penn. 1957), 156 F. Supp. 619, citing Burnap v. United States (1920), 252 U.S. 512,40 S. Ct. 374, 64 L.Ed. 692, lays down the following test for determining whether a particular position is a "federal office":
 ". . . the United States Supreme Court has emphasized in its most recent case on the subject [Burnap] that the `manner in which Congress has specifically provided for' the following three attributes of the position is the determining factor:
"a. The creation of the position.
"b. The duties of the position
"c. The appointment to the position."
Beal v. United States (6th Cir., 1950), 182 F.2d 565, also elaborates on the Burnap test. In concluding that the plaintiffs were not officers of the United States, the Beal court stated:
 "Here, . . . no Act of Congress appears which specifically creates the positions occupied and details the duties, tenure and emoluments of incumbents. The posts were filled under a blanket authority (5 U.S.C.A. sec. 43), which authorizes employment by each executive department and independent establishment of such clerks and other employees of various classes as may be appropriated for by Congress from year to year . . . . Appropriation acts do not create offices. There must be a basic authority for the creation of an office . . . . We think the sounder rule to be that an office of the United States does *Page 3 
not exist unless it is created by some specific Act of the Congress . . . ." 182 F.2d at 567-568.
As nearly as I have been able to determine, a "congressional home secretary" serves as the personal representative in the home district of the congressman by whom he is appointed.2 U.S.C. sec. 57 appears to provide authority for the position and for compensation to be paid out of a general fund allocated to each congressman. That section provides in part:
 "(a) Until otherwise provided by law, the Committee on House Administration may, as the committee considers appropriate, fix and adjust from time to time, . . . the amounts of allowances . . . within the following categories:
 "(1) for Members of the House of Representatives, . . . allowances for clerk hire, . . . official office space and official office expenses in the congressional district represented, . . ."
The "congressional home secretary" acquires his position through appointment by a congressman, and may assume the position upon completion of various pay and retirement forms and the satisfaction of an oath requirement. Bond is not required. A regular salary is paid from which certain job-related expenses must be deducted. As the congressman's personal representative, the secretary performs a number of duties. He is responsible for the supervision of the congressman's district office and the persons employed in connection therewith. He serves as a liaison between the congressman in the nation's capital and the citizens in the district. In addition, he is called upon to make personal appearances on behalf of the congressman
Application of the previously stated tests to these facts requires the conclusion that a "congressional home secretary" is not an officer of the United States. The secretary is not required to post bond. His duties are nowhere specifically detailed in the law. The phrase "congressional home secretary" is not used in the United States Code. He has not been vested with any portion of the sovereign power. His appointment is not by the President, a federal court, or an authorized federal departmental head. Article II, Section 2, Clause 2, U.S. Constitution.
The position appears to be of the sort discussed in Beal v.United States, supra. Apparently, the position was created and the *Page 4 
secretary appointed under a blanket authority (2 U.S.C. sec. 57), authorizing the employment of individuals by congressmen within the general category of clerk. The authorizing statute, which merely provides for the allocation of funds, appears to be that type of appropriation Act which Beal held could not create a federal office.
Only the oath requirement stands out on the officer side of the officer-employe distinction. But in this case, even the oath is not indicative of an office. The requirement (5 U.S.C. sec. 3333) is satisfied by the execution of an affidavit under oath that the "acceptance and holding of the office or employment does not and will not violate" 5 U.S.C. sec. 7311. The latter provision relates to loyalty, national security and striking. This affidavit is required of individuals who accept an office or employment in the United States Government. Taken alone, it does not indicate an office.
Therefore, I conclude that Art. XIII, sec. 3, Wis. Const., does not operate to bar a "congressional home secretary" from serving as a member of the Natural Resources Board.
BCL:JCM