Filed May 23, 1887.

---

No. 13,760.

CARR, AUDITOR, v. THE STATE, EX REL. STEWART.

OFFICE AND OFFICER.—*Bureau of Vital and Sanitary Statistics.—Clerk.—Appointment of.—Secretary of State.—State Board of Health.*—The secretary of state has no authority to designate or appoint any one for the performance of clerical duties in the Bureau of Vital and Sanitary Statistics, except upon the requisition of the secretary of the State Board of Health, approved by the president thereof, and addressed to him.

SAME.—*Removal of Clerk.*—A person legally appointed to perform clerical duties in the Bureau of Vital and Sanitary Statistics holds his office or employment at the pleasure of the State Board of Health, and the secretary of state has no authority to remove such clerk.

From the Marion Superior Court.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for appellant.

*C. Byfield* and *L. Howland*, for appellee.

HOWK, J.—In this case, appellee's relatrix, Florence M. Stewart, upon her verified complaint herein, moved the court below for an alternative writ of mandate requiring appellant, Bruce Carr, auditor of state of the State of Indiana, to issue his warrant on the state treasurer, in favor of such relatrix, for the payment of $100 for clerical duties by her performed during February and March, 1887, in the Bureau of Vital

and Sanitary Statistics, or show cause why he should not issue such warrant. Appellant appeared voluntarily, and, waiving the issue of an alternative writ of mandate, answered specially in bar of the action. The relatrix's demurrer to such answer was sustained by the court, at special term. To this ruling appellant excepted at the time, and, declining to amend or answer further, the court rendered judgment against him, in favor of relatrix, for a peremptory writ of mandate, with costs, as demanded in her complaint. On appeal, this judgment was in all things affirmed by the general term; and from the judgment of the general term this appeal is now here prosecuted.

Error was assigned by appellant in general term, and is properly presented here, upon the sustaining of relatrix's demurrer to appellant's answer herein.

It is necessary, we think, to a proper understanding of this case and of the questions to be decided therein, that we should first give a summary of the facts stated by relatrix in her verified complaint. She alleged that under and pursuant to the provisions of an act of the General Assembly of this State, entitled "An act establishing a State Board of Health, defining its purposes, powers and duties: providing a system of registration and report of vital and sanitary statistics in connection therewith, and prescribing the duties of certain state, county, township and city officers in relation thereto, and prescribing penalties for violation of certain provisions thereof," approved March 7th, 1881, which act took effect and became a law on the 19th day of September, 1881, the State Board of Health was created and, on November 3d, 1881, was fully organized, and then entered upon, and had since continued in, the discharge of its duties as prescribed by law; that afterwards, on May 9th, 1885, the State Board of Health, in the discharge of its duties, under the above entitled act, needing clerks to perform clerical duties in the "Bureau of Vital and Sanitary Statistics," created in and by section 7 of such act (section 4992, R. S.

1881), made its requisition upon the then secretary of state for two clerks to perform such clerical duties; that, on the day last named, and upon such requisition, the then secretary of state designated and provided the relatrix herein as one of such clerks to perform such clerical duties for the State Board of Health; that, in pursuance of such requisition and of such action thereon by the then secretary of state, the relatrix on such last named day entered upon the performance of such clerical duties as were required of her by the State Board of Health, at the salary then agreed upon between her and such state board, of $50 per month; and that since May 9th, 1885, continuously until the filing of her complaint herein, the relatrix had fully performed her clerical duties in such "Bureau of Vital and Sanitary Statistics," to the entire satisfaction and under the orders and directions of the State Board of Health, and that, during all of such time, she performed no work whatever in connection with the duties of the secretary of state, or under his control or direction, except as herein stated; that for all such clerical work so performed by her the relatrix had been regularly paid at the rate of $50 per month, upon vouchers issued to her by the State Board of Health, directed to the auditor of state, who regularly issued his warrants therefor, from time to time, upon the treasurer of state, except for the months of February and March, 1887; and that for clerical services so performed by her, during such two months, there was due her and unpaid the sum of $100.

And the relatrix further alleged that, on March 31st, 1887, by order of the State Board of Health, a voucher for such sum of $100 for the clerical services by her performed as aforesaid, during such months of February and March, 1887, was issued in her favor by the secretary of such state board and approved by its president, and directed to the auditor of state, a copy of which voucher was filed with and made part of her complaint; that afterwards, on April 1st, 1887, the relatrix presented such voucher to appellant, as such au-

ditor of state, and demanded that he issue to her his warrant upon the treasurer of state for the payment of such sum of $100; and that appellant, as such auditor, unlawfully and wrongfully refused his warrant to her for the payment of such sum. And relatrix averred that, at the time of her presentation of such voucher to appellant, auditor of state, there was sufficient money in the hands of the treasurer of state provided by law for the payment thereof. Wherefore, etc.

In his answer to the complaint of appellee's relatrix, appellant, Bruce Carr, auditor of state, alleged that on the 9th day of May, 1885, while William R. Myers was secretary of state of the State of Indiana, the State Board of Health made its written requisition, signed by its secretary and approved by its president, upon such secretary of state, of the tenor following, to wit: "We have the honor to request that you appoint two clerks for service in this office, as provided for in section 4992, R. S. 1881;" that thereupon, on the same day, William R. Myers, as such secretary of state, in response to such requisition, notified the secretary of the State Board of Health, in writing, that he appointed "Prof. D. N. Berg and Miss Florence Stewart for such clerkships;" that thereupon, and by virtue of such appointment, Miss Florence M. Stewart, appellee's relatrix, entered upon the discharge of the duties of a clerk in the "Bureau of Vital and Sanitary Statistics," and so continued as such clerk in said bureau, under such appointment as aforesaid of such secretary of state, until, to wit, February 2d, 1887, when Charles F. Griffin, then and since secretary of state for such State of Indiana, as the successor in office of William R. Myers aforesaid, removed appellee's relatrix, Miss Florence M. Stewart, and served on her a written notice of that date, signed by him and addressed to her, of the tenor following, to wit:

"I have the honor to inform you that, in accordance with the powers and duties vested in me, as secretary of state of the State of Indiana, by section 4992, R. S. 1881, I have this

day appointed James D. Walker to succeed you as clerk of the Bureau of Vital and Sanitary Statistics of said State, said appointment to take effect on and after February 3d, 1887 ; and that, on and after that day, your services will be no longer required as such clerk."

That, at the same time, Charles F. Griffin, as secretary of state, made of record the following appointment, signed by him and sealed with the seal of the State, to wit :

" I, Charles F. Griffin, secretary of state within and for the State of Indiana, do hereby constitute and appoint James D. Walker to be, and perform the duties of, clerk of the Bureau of Vital and Sanitary Statistics of the State of Indiana, in accordance with the provisions of section 4992, R. S. 1881, of said State, to succeed Miss Florence Stewart as clerk of said board. This appointment shall be and remain in full force and effect on and after February 3d, 1887."

That, on the same day, the secretary of state caused a written notice, signed by him, as such secretary, to be served on the secretary of the State Board of Health, of the following tenor, to wit :

" I have the honor to inform you that, in accordance with the opinion of the attorney general of the State of Indiana, this day filed in my office, and the powers and duties vested in me as secretary of state for the State of Indiana by virtue of section 4992, R. S. 1881, and in accordance with the requisition issued by you, as secretary of the said board, to the Honorable William R. Myers, secretary of state, on the 9th day of May, 1885, calling for two clerks for service in the office of said board, and to perform the clerical duties of the Bureau of Vital and Sanitary Statistics of said State, I have this day removed Miss Florence Stewart, as such clerk, and appointed James D. Walker to succeed her in the performance of such duties ; said removal and appointment to take effect on the 3d day of February, 1887."

That on said 3d day of February, 1887, and at divers and sundry times thereafter until this time, said James D. Walker,

at the office of the State Board of Health, that being the proper office and place, offered his services, and to perform his duties, as clerk of the Bureau of Vital and Sanitary Statistics, under such appointment; but, on each and every such occasion, the secretary of the State Board of Health refused to recognize him as such clerk; and that said Walker had been, and still was, willing and ready to perform his duties as such clerk, under said appointment. And appellant said, that the relatrix, Florence M. Stewart, notwithstanding the premises aforesaid, voluntarily performed the duties of a clerk in said office, at the direction of the secretary of the State Board of Health, from that time on, and was, when appellant answered herein, so performing such duties, in defiance of her said removal and without right or authority so to do; and that, for these reasons, appellant, auditor of state, did refuse to issue a warrant to the relatrix herein, on the treasurer of state, for the payment of her claim for $100, as alleged in her verified complaint, and for no other reason. Wherefore, etc.

Two questions are presented for our decision by the error assigned by appellant upon the sustaining by the court, at special term, of the demurrer of the relatrix to his special answer to her verified complaint herein, namely: 1st. Was Charles F. Griffin, secretary of state, authorized or empowered by any law of this State to discharge or remove appellee's relatrix, Florence M. Stewart, from the performance of the clerical duties assigned to her in the Bureau of Vital and Sanitary Statistics? 2d. Was such secretary of state authorized and empowered by any law of this State to designate or appoint any one for the performance of clerical duties in such bureau, *except* " upon the requisition of the secretary of the State Board of Health, approved by the president thereof," addressed to such secretary of state? If these two questions must be answered in the negative, as they certainly must, we think, it is clear that no error was committed by the court, at special term, in sustaining the demurrer of relatrix to ap-

pellant's answer herein, nor by the general term in affirming such ruling.

The State Board of Health of this State, as we have seen, was organized on the 3d day of November, 1881, under the provisions of an act of our General Assembly, approved March 7th, 1881, which took effect and became a law on September 19th, 1881. That act or law contains fifteen sections, and these sections, as they appear in the Revised Statutes of 1881, are sections 4986 to 5000, inclusive.

On behalf of the appellant, the learned attorney general and his associate counsel, as we understand their arguments oral and written, rest his defence to the suit of appellee's relatrix upon what they regard as the proper construction of section 7 of such act or law, being section 4992, R. S. 1881. This section reads as follows:

" The State Board of Health shall have supervision of the system of registration of births, deaths, and marriages as herein provided, and they shall make up such forms, and shall, from time to time, recommend such legislation as they may deem necessary for the thorough registration and report of vital and sanitary statistics throughout the State. The secretary of the board shall be superintendent of all such registration: and the clerical duties and safe-keeping of the Bureau of Vital and Sanitary Statistics, thus created, shall be provided for by the secretary of state, upon requisition of the secretary of the State Board of Health, approved by the president thereof."

It is claimed on behalf of appellant, (1) that the clerical duties of the Bureau of Vital and Sanitary Statistics, which, under this section of the statute, must " be provided for by the secretary of state," can only be performed by a clerk ; (2) that such clerk is an officer, whose appointment must be made, under the statute, by the secretary of state ; (3) that, as the duration of the office of such clerk is not provided for in the Constitution, and is not declared by law, under section 2 of article 15 of our State Constitution (section 224, R. S. 1881),

"such office shall be held during the pleasure of the authority making the appointment;" and (4) that the power of removal from an office is a necessary incident of the power to make an appointment to such office.

It is a clear proposition, which will hardly be controverted, and, certainly, needs. no argument to sustain it, that where a law contemplates or provides for the performance of " clerical duties " in any office or bureau, and does not in terms direct the appointment or employment of a clerk to perform such duties, the law impliedly authorizes the appointment or employment of a clerk for the discharge of such duties, and would be so construed.   Here, it is declared in the section of the statute under consideration, that " the clerical duties * * * of the Bureau of Vital and Sanitary Statistics * * * shall be provided for by the secretary of state."   Doubtless, this provision of the statute not only authorized the secretary of state, but made it a part of his official duty, to provide for the performance of " the clerical duties * * * of the Bureau of Vital and Sanitary Statistics," by the appointment or employment of a suitable clerk for that purpose, but only " upon requisition of the secretary of the State Board of Health, approved by the president thereof."

Whether or not the clerk, so appointed or employed by the secretary of state, upon such requisition approved as aforesaid, is an officer within the meaning of that word as used in the organic and statutory laws of this State, is a question which might, perhaps, admit of some debate, but which we do not find it necessary, in the view we take of this case, to consider or decide.   For, whether such clerk be an officer or merely an employee, it is certain that, under the statute, whoever performs " the clerical duties * * * of the Bureau of Vital and Sanitary Statistics," he must " be provided for " the discharge of such duties, and, therefore, must be appointed or employed, in the sense of selecting, designating or naming him, " by the secretary of state, upon requisition of the secretary of the State Board of Health, ap-

Carr, Auditor, *v*. The State, *ex rel.* Stewart.

proved by the president thereof." But after this clerk, whether he be officer or employee, has been selected, designated or named by the secretary of state, he has no further connection with such secretary in any way, is not made subordinate to him, renders no services in his office, and is not dependent upon him for his salary, wages or compensation. After such clerk has been named, appointed or employed, he enters upon the discharge of "the clerical duties * * * of the Bureau of Vital and Sanitary Statistics," of which bureau the statute declares that the secretary of the State Board of Health "shall be superintendent." He must agree with the State Board of Health for his salary, wages or compensation for his services, to which board alone he is authorized by law to look for such compensation. He is subordinate to the State Board of Health, and its secretary and superintendent, and in the performance of the clerical duties of the Bureau of Vital and Sanitary Statistics, he must obey and comply with the orders and directions of such state board and the superintendent of such bureau. It must be held, we think, that such clerk, whether officer or employee, holds his office, place or employment at the pleasure of the State Board of Health, and that it was not within the power of the secretary of state to remove such clerk from such office or employment.

Of course, we recognize the general rule that the power of removal from an office is a necessary incident of the power of appointment to fill such office. It will be seen, however, from the section of the statute above quoted, under which appellant claimed, in his answer herein, that the secretary of state acted in his attempted removal of the relatrix, Florence M. Stewart, from her office or employment as clerk of the Bureau of Vital and Sanitary Statistics, that the power of appointment to such office or employment is not given to the secretary of state absolutely and alone, and that such power of appointment can not be exercised by such secretary of state, *except* "upon requisition of the secretary of

the State Board of Health, approved by the president thereof." It is clear, we think, that, without such requisition, the secretary of state would have no power whatever, under such section of the statute, to provide for the performance of "the clerical duties * * * of the Bureau of Vital and Sanitary Statistics," either by the appointment or employment of a clerk, or in any other manner. Where, therefore, as here, the power of appointment to an office by one person or officer is made to depend upon some precedent or concurrent action of other persons or officers, it can not be said, as it seems to us, that the power of removal from the office is a necessary incident of such power of appointment.

We are of opinion, therefore, that the attempted removal, by the secretary of state, of appellee's relatrix, Florence M. Stewart, from the performance of "the clerical duties * * * of the Bureau of Vital and Sanitary Statistics," was not authorized by any law of this State, and was, therefore, void and of no effect.

The second question for decision in this case, hereinbefore stated, may be re-stated as follows: Under the provisions of section 4992, *supra,* above quoted, was the secretary of state authorized and empowered to designate, name or appoint any person for the performance of "the clerical duties * * * * of the Bureau of Vital and Sanitary Statistics," *except* "upon requisition of the secretary of the State Board of Health, approved by the president thereof?" That this question, as here stated, will admit only of an answer in the negative, is too plain, we think, for argument; indeed, this much is virtually admitted by the effort of the secretary of state, as shown in appellant's answer herein, to base his appointment of James D. Walker, to perform the clerical duties of the Bureau of Vital and Sanitary Statistics, upon an old requisition of the secretary of the State Board of Health, approved by its president, issued more than two years ago, and addressed to Honorable William R. Myers, then secretary of state. It

was shown, however, by the matters and things set forth in appellant's answer herein, that this old requisition had long since performed its office, and was *functus officio.* The answer of appellant further showed that, by this old requisition, two clerks were then required for service in the office of the State Board of Health, and that the then secretary of state had then supplied and filled such requisition by the appointment of two clerks for such service, of whom appellee's relatrix herein was one.

It was not alleged in appellant's answer, that additional clerical aid was necessary to perform the clerical duties of the Bureau of Vital and Sanitary Statistics, or that the two clerks so appointed, on such old requisition, were not capable and satisfactory to the State Board of Health; on the contrary, it was alleged by appellee's relatrix, Florence M. Stewart, in her verified complaint herein, and as it was not controverted by appellant, in his answer herein, it was by him admitted, that since May 9th, 1885, continuously until the filing of her complaint in this cause, she had fully performed her clerical duties in the "Bureau of Vital and Sanitary Statistics" to the entire satisfaction, and under the orders and direction, of the State Board of Health.

In conclusion, we are of opinion that the secretary of state is not authorized, *except* "upon requisition of the secretary of the State Board of Health, approved by the president thereof," to name or appoint any person to perform the clerical duties of the Bureau of Vital and Sanitary Statistics; and that the old requisition issued two years since to William R. Myers, then secretary of state, and filled by him at the time, afforded no authority whatever to the present secretary of state to name or appoint James D. Walker to perform such clerical duties.

The court at special term committed no error in sustaining the demurrer of appellee's relatrix to appellant's answer herein, nor did the general term err in affirming such ruling

of the court at special term, and the judgment rendered thereon.

The judgment is affirmed, with costs.

