# CHARLESTON.

## HELMICK v. COUNTY COURT.

Submitted September 3, 1908.   Decided March 2, 1909.

1.  HIGHWAYS—*Road Surveyor—Removal—Power of County Court.*
    A county court can not remove from office a road surveyor
    appointed by it under section 1392, Code 1906. (p. 232.)

2.  CERTIORARI—*Proceedings Reviewable—Removal of County Offi-*
    *cer.*
    The action of a county court in removing from office a sur-
    veyor of roads is reviewable by the circuit court upon *cer-*
    *tiorari.* (p. 232.)

Error to Circuit Court, Tucker County.

*Certiorari* by A. C. Helmick to review the action of the County
Court of Tucker County in removing him from the office of
Surveyor of Roads.   Judgment for Helmick, annulling the
order of the County Court, and it brings error.

*Affirmed.*

CUNNINGHAM & STALLINGS, for plaintiff in error.

A. JAY VALENTINE, for defendant in error.

WILLIAMS, JUDGE:

On the 2nd day of April, 1907, the county court of Tucker
county appointed A. C. Helmick, road surveyor of precinct No.
1, in Fairfax district; and on the 10th day of April, 1908,
it summarily removed him from office and appointed another
in his place.

Helmick brought the matter to the circuit court of Tucker
county by writ of *certiorari,* upon petition.   The county court
demurred to the petition, and moved to quash and to dismiss the
writ, assigning a number of reasons in support of its motion,
all of which relate to one question, that is, whether, or not, the
county court has power to remove, summarily, a road surveyor
appointed by it, before his term expires.

The cause was heard on the 13th day of May, 1908, and the
court overruled the demurrer, refused to quash the writ and
annulled the order of the county court removing said Helmick.

The county court excepted, and obtained from this Court a writ of error to the judgment of the circuit court.

The principal question presented relates to the power of a county court to remove from office, summarily, before the expiration of his term, a road surveyor appointed by it. We do not think the law confers upon it such prerogative.

The Constitution of West Virginia, Article IX., sec. 2, says: "Coroners, overseers of the poor and surveyors of roads, shall be appointed by the county court." This would seem to constitute a road surveyor an officer, and not simply an employee of the county court. The Constitution fixes the manner of his appointment; neither can he be elected, or appointed in any other way; because this provision of the Constitution is mandatory. *Ice* v. *Marion County Court,* 40 W. Va. 118.

But the Constitution does not fix the tenure of his office; the legislature, however, has done this, and has made his term to extend two years. See section 1392, Code 1906. This section, and the constitutional provision above quoted, constitute a road surveyor a public officer who holds for a fixed term of two years; and provides the only mode of his selection to office, which is by appointment by the county court.

The county court, having once exercised its discretion in the appointment of said Helmick as road surveyor, can not revoke the appointment pending his term; it has no discretion to remove him from office. He can be removed only for cause by the circuit court, and after judicial inquiry, as provided by section 183, Code, 1906. *Arkle* v. *Board of Commissioners,* 41 W. Va. 471.

If the legislature had not fixed the duration of a road surveyor's term of office, the county court might have had the authority under the constitution to appoint him to serve only during its will and pleasure, and in such case might have had the implied power to remove summarily. However, we do not decide this question. But it is clear that by fixing his tenure of office, the legislature has left the county court without any such implied power.

Throop on Pub. Of., sec. 354, says: "And it is conceded, in all the cases, that where a fixed term is assigned to the office, the appointing power has no absolute power of removal." To the

same effect are the following authorities, viz: Mechem on Pub. Of., sec. 445; *Collins* v. *Tracey,* 36 Tex. 546; *Redfield* v. *Chatburn,* 63 Iowa 659; *People* v. *Hill,* 7 Cal. 97; *Carr* v. *State,* 111 Ind. 101; *State* v. *Barbour,* 53 Conn. 76.

The foregoing authorities are not in conflict with the following cases decided by this Court, in all of which the decisions rest upon the fact that the appointee was holding only during the will and pleasure of the power that appointed him, and *not* for a term fixed by law: *Hunter* v. *Trustees Berkeley Springs,* 47 W. Va. 343; *Town of Davis* v. *Filler,* 47 W. Va. 413; *Hartigan* v. *Board of Regents,* 49 W. Va. 14.

The action of the county court in removing defendant in error from office was reviewable by *certiorari. Dunlevy* v. *County Court,* 47 W. Va. 513; *Dryden* v. *Swinburne,* 20 W. Va. 89; *Swinburne* v. *Smith,* 15 W. Va. 483.

We find no error in the judgment of the circuit court, and affirm it with costs and thirty dollars damages to appellee.

*Affirmed.*