## STATE DEPARTMENT OF HEALTH v. SAN MIGUEL COUNTY.

[No. 2549, Jan. 27, 1921.]

### SYLLABUS BY THE COURT.

1. The approval of the state department of health is a prerequisite to invest the nominee for county health officer name by the board of county commissioners of a county with

Dept. of Health v. San Miguel County, 26 N. M. 634

authority, and without said approval there can be no such officer qualified to act. · P. 638

2. The disapproval by the state department of health of the nominee for county health officer and the failure, neglect, or refusal to nominate one who is approved by the state department of health constitutes a failure, neglect, and refusal of the local health authorities to do the work which chapter 85, Laws 1919, designates shall be done by the state department of health, and authorizes said state department of health to perform such work at the expense of the county. P. 638

Appeal from District Court, San Miguel County; Leahy, Judge.

Action by the State Department of Health against the County of San Miguel. Judgment of dismissable, and plaintiff appeals. Reversed and remanded, with instructions.

O. O. Askren, Atty. Gen., and N. D. Meyer, Asst. Atty. Gen., for appellant.

Chas. W. G. Ward, of East Las Vegas, for appellee.

OPINION OF THE COURT.

RAYNOLDS, J. On August 4, 1920, the state department of health presented a claim to the board of county commissioners of San Miguel county against said county in the amount of $364.59, for services rendered and materials furnished by said department of health to said county in the performance of health work, the enforcement of the health laws of the state of New Mexico, and the rules and regulations promulgated by said department of health. This claim was rejected by the board of county commissioners. On August 30, 1920, the state department of health filed a notice of appeal from the action of said board of county commissioners in disallowing said claim, and also filed a petition in the district court in the furtherance of said appeal. Appellee joined issue by answer. A hearing was had and on September 24, 1920, the court found in favor of the appellee and dismissed appellant's petition. From the judgment dismissing the case by the district court appeal was taken to this court.

The questions involved in this case are found in a consideration of the so-called "health act" of 1919, being chapter 85, Laws 1919. Section 12 of said act provides that each board of county commissioners shall appoint one health officer, whose appointment shall be subject to the approval of the state department of health, etc. Section 10 of the act, which will be set out in full later, provides the state department of health shall perform work of the local health authorities, where they fail, neglect, or refuse to do so, at the expense of the county or municipality affected.

This controversy arose from the fact that the state departmentof health, the appellant here, claimed the right to perform certain work for the county of San Miguel and charged the expense to said county when the local health authorities had failed, neglected, and refused to perform the work. It appears from the record that Dr. G. N. Fleming was appointed health officer for the county of San Miguel by the county commissioners, subsequent to the enactment of chapter 85, Laws 1919. The appellant department of health was not notified of this appointment, but disapproved it, and so notified the county commissioners when it learned that said Fleming had been appointment. The appellant on May 4, 1920, appointed another physician, one Dr. D'Armours, to perform the health work in San Miguel county. The cost and expense incurred by the state department under the arrangement with Dr. D'Armours in connection with his work between May 4th and July 31st was the amount of the bill presented to the county commissioners i. e., $364.59.

The single question involved here is the construction of section 10, c. 85, Laws 1919, involving the authority of the state department to act in the present case. It is contended by the appellant state department of health that the local health authorities under said section failed, neglected, and refused to perform certain work, and that because of such failure, neglect, and refusal to perform the state department of health had

the right to perform said work and to charge the same
to the county. It appears, as is shown by the above
statement of facts, that the county commissioners did
not appoint a health officer whose appointment was
approved by the state department of health, and the
sole question is whether such action in naming or ap-
pointing a physician whose appointment was disap-
proved by the department of health is such a failure,
neglect, and refusal of the local health authorities to
do the work outined in section 10, above referred to, as
to authorize the state department of health to do the
work at the expense of the county. Said section 10 is
as follows:

"Sec. 10. **Powers.** The state department of health shall
have supervision of the health of the citizens of the state and
possesses all powers necessary to fulfill the duties precribed
by law with respect thereto, and to bring actions in courts
for the enforcement of health laws and the rules, regulations
and orders promulgated thereunder by the State Board of
Health. It shall be the superior health authority of the state
and have power to investigate, control and abate the causes
of diseases, especially epidemics, sources of mortality and the
effects of localities, employments and other conditions upon
the public health; to inspect public buildings, institutions and
premises and industries; to establish, maintain and enforce
quarantine; to close theaters, schools and other public places
and to forbid gatherings when necessary for the protection of
*  *  * health; to abate nuisances; to regulate and prescribe
the location of plumbing, drainage, water supply, sewerage
and waste disposal, lighting, heating, ventilation and sanita-
tion of public buildings; to collect, compile and tabulate re-
ports of marriages, births, deaths and morbidity and to re-
quire from any person having information with regard to the
same to make such reports and submit such information as
it shall by regulation provide; to co-operate with federal
health authorities in the carrying out of measures for the
protection of the public health and to incur expenditures in
that behalf; to regulate the disposal, transportation, inter-
ment and disinterment of the dead; to make laboratory in-
vestigation of public health matters and maintain facilities for
the purpose; to disseminate public health information; to
prevent infant mortality; to prescribe phophylactic treatment
in cases of infection for the prevention of infant blindness;
promote child hygiene; to regulate the sanitation and safety
for consumption of milk, meats and other foods; to supervise
the work of local health authorities; to promulgate rules
and regulatins governing the same, and to perform the said
work in case said authorities fail, neglect or refuse to do so,
at the expense of the county or municipality affected."

Chapter 85, Laws 1919, is entitled:

"An act concerning the public health; creating state, county and municipal health authorities and prescribing their powers, duties and compensation; fixing the penalties for violations; providing for raising of funds to meet emergencies, upon the credit of the state."

[1] The evident purpose of the act considered as a whole is to give jurisdiction and power to the state department of health in all cases and for all purposes designated in section 10 above quoted. In order that the action of the state department of health shall be uniform throughout the state and its rules and regulations carried out accordingly, the act contemplates that the appointment of county health officers must be subject to its approval under its control and supervision. Section 12, giving the veto power to the state department of the county health officers appointed by the boards of county commissioners, bears out this construction of the act. The state department, under section 12, has the power to approve or disapprove the appointment made by the board of county commissioners, and until the appointment is approved by the state department there is no such officer as the county health officer provided for in the act.

[2] It follows that an appointment made by the county commissioners which the state department has not approved prevents the work which the state department is authorized to perform under section 10 from being performed in the manner required by law, and the failure of the state department of health to approve of the appointment made by the county commissioners constitutes, in our opinion, a failure, neglect, or refusal of the local health authorities to perform the work outlined in section 10, and gives the right and authority to the state department of health to perform the work at the expense of the county.

We therefore conclude that the court erred in dismissing the petition. The case is reversed and re-

manded, with instructions to award appellant a new trial; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.