38 P.(2d) 1111

STATE BUREAU OF PUBLIC HEALTH et al. v. BOARD OF COM'RS OF SAN MIGUEL COUNTY.

No. 3969.

Supreme Court of New Mexico.

Dec. 6, 1934.

Frank H. Patton, Asst. Atty. Gen., for appellants.

Thomas V. Truder, of Las Vegas, for appellees.

WATSON, Chief Justice.

The state health authority, having engaged Dr. Kaser as health officer of San Miguel county, and having paid him at the rate of $150 per month for several months, sued to recover the amount from the county. Plaintiff recovered at the rate of $50 per month, and has appealed.

Dr. Howe had served as health officer for several years at $150 per month. He resigned August 1, 1931, after the board of county commissioners had adopted a budget for the year July 1, 1931–June 30, 1932, providing $300 as health officer's salary, raised by the tax commission to $600.

The board of county commissioners then appointed Dr. Fleming, but his designation never received approval of the state board of public welfare. Cf. State Dept. of Health v. San Miguel County, 26 N. M. 634, 195 P. 805.

November 9, 1931, the state director of public health, with the approval of the state board of public welfare, appointed Dr. Kaser.

It was evidently the theory of the court below that a vacancy existed and that Dr. Kaser was lawfully appointed. 1929 Comp. St. § 110–312. That will be the theory here,

since the county, having taken no cross-appeal, is not in a position to dispute it.

Appellee relies on the Bateman Act, prohibiting the contracting of county debt for any purpose in excess of current revenues, 1929 Comp. St. § 33-4241, and upon the budget law, restricting expenditures to the budgeted revenues, Id. § 33-5901 et seq. Such may have been the reliance of the trial court in adjudging as he did.

Appellant relies on the provision that the state health authority, in case of vacancy, shall appoint a health officer "at a compensation not to exceed the compensation paid to the previous incumbent." Id. § 110-312. It contends that, if the power resides in the state authority to fill a vacancy and to fix the compensation, the county board cannot at the same time have the power to defeat that result by manipulation of the budget.

The contention is persuasive. It might be questioned, though it is not, whether the proper remedy in such a case would not be mandamus to compel the budget authorities to make proper provision for the salary fixed.

But in the case at bar the trial court refused to find that the former incumbent, Dr. Howe, "was drawing a salary of $150.00 per month at the date of his said resignation," and refused to find that "the appointment of Dr. Kaser was at the same salary as the previous incumbent."

These facts which the court refused to find are essential to appellants' success here. The statute seems to leave the matter of compensation ordinarily to the county board and to give the state authority power to fix it in the single case when it is required to fill a vacancy.

The rulings are supported by the theories that the making of the estimate by the county board on June 22, 1931, was in legal effect a fixing of the compensation for the ensuing fiscal year; that the same took effect July 1, 1931, subject to change by the tax commission; that Dr. Howe's legal salary, beginning July 1st, was as thus tentatively fixed; and that it became $50 per month when the tax commission, on July 7th, having raised the item to that figure, approved the budget.

We find nothing in appellant's contentions to convince us that the trial court erred in viewing the matter thus and in refusing the findings.

The judgment should accordingly be affirmed, and it is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.