C. H. CRAIG *v.* COUNTY COURT OF NICHOLAS COUNTY

(No. 8284)

Submitted March 3, 1936. Decided March 10, 1936.

*Emmett Horan,* for plaintiff in error.
*G. D. Herold,* for defendant in error.

MAXWELL, JUDGE:

In this notice of motion for judgment C. H. Craig is plaintiff, and the county court of Nicholas County is defendant. The plaintiff was awarded writ of error to a judgment of *nil capiat* on a directed verdict for the defendant.

The action is for $182.69 alleged unpaid salary of the plaintiff for the month of February, 1933, subsequent to the 7th day thereof, as county road engineer of Nicholas County. Plaintiff had been employed as such engineer by the county court from January, 1929, until the 7th of February, 1933, at a salary of $250.00 per month. On the last named date, the county court, by formal order, terminated plaintiff's employment. He had been compensated monthly for his services prior to the month of his dismissal, and was paid for the first seven days of that month. His demand that he be paid his salary for the residue of the month having been denied by the county court, he instituted this action.

For some years prior to the adoption of the Code of 1931, county road engineers were employed for a fixed term of two years. Code 1923, chapter 43, section 112. Under that statute, as it appeared in the Code of 1906, chapter 43, section 4, the term then also being two years, it was held in the case of *Helmick v. County Court,* 65 W. Va. 231, 64 S. E. 17, that within the term of his appointment, such officer could not be removed by the county court; that he could be removed only for cause by the circuit court, after judicial inquiry as provided by law.

But the provision in respect of the tenure of county road engineers was changed by the Code of 1931, 17-13-1. The new statute provides that the county road engineer "shall serve as such during the will and pleasure of the county court." The words are plain and the meaning is clear. The unequivocal import is that the

county court, when it desires, may terminate such employment. The situation is comparable to the tenure of a state official who holds under appointment of the Governor at his pleasure. Code 1931, 6-6-4. Though the plaintiff originally may have held under a fixed tenure, his holding after the effective date of the Code of 1931 was at the pleasure of the county court.

A former public official, who held office at the pleasure of superior authority, cannot, after he has been removed from office by such authority, sustain a claim for salary or other compensation for a period of time subsequent to his removal. Throop on Public Officers, sec. 474. Consult, 46 Corpus Juris, p. 1016.

On these principles we affirm the judgment of the circuit court.

*Affirmed.*