100 P.2d 222

BOARD OF COM'RS OF COLFAX COUN-TY et al. v. DEPARTMENT OF PUB-LIC HEALTH et al.

No. 4540.

Supreme Court of New Mexico.

March 15, 1940.

Verdan A. Doggett, Dist. Atty., and John B. Tittmann, Asst. Dist. Atty., both of Raton, for appellant.

. Filo M. Sedillo, Atty. Gen., and A. M. Fernandez, Asst. Atty. Gen., for appellees.

ZINN, Justice.

Throughout this opinion the Board of County Commissioners will be designated as the "Board", the Department of Public Health as the "Department" and the Director of Public Health as the "Director".

This appeal involves an interpretation of 1929 Comp.St. § 110-331, which reads as follows: "Counties employ additional health officers, when. Whenever, in the opinion of the director of public health of the state department of public welfare, conditions require the employment of persons in addition to the county health officer to properly execute the health laws, rules and regulations in any county, the board of county commissioners of such county, with the approval of the director of public health .may employ such additional persons as the director of public health shall designate, and their compensation and expenses shall be paid from the 'county health fund' upon vouchers drawn by the county health officer."

. Under the provisions of the above statute, ,the Board of County Commissioners of Colfax County employed one Ann Ballo as county health nurse, by and with the consent of the State Department of Public Welfare, which latter department is now known as the Department of Public Health, one of the appellees here. Her salary and travel allowance as such nurse were paid wholly by the County of Colfax with its own funds upon warrants approved by the Board of County Commissioners, the appellant here.

On August 31, 1939, appellee, Dr. F. C. Diver, the District Health Officer, together with appellee Dr. Godfrey, the Director, requested the nurse to resign, which she declined to do. Thereupon Godfrey instructed Diver to discharge her, which Diver attempted to do. .The appellant was not consulted in the matter of the discharge nor did it consent to the same. On the contrary, it has refused to recognize the dismissal as being legal without its consent.

The above facts gave rise to the present suit for a declaratory judgment. The trial court ruled that the Director had the authority to dismiss the nurse without the consent of the appellant, and rendered judgment accordingly. From such judgment this appeal is prosecuted.

The question thus presented involves a determination of which agency has the power to discharge an employee who has once been regularly employed under the law in question,—the Board or the Director.

The Board thus states its case: First, that the power to appoint or employ pursuant to § 110-331, supra, is in it; therefore,

the power to dismiss is also in the Board as an incident to the power to appoint. Next, since both the Board and the Director, jointly, constitute the appointing agency, the two must concur before the discharge of an employee can become effective.

The appellees contend that the appellant is not the appointing agency. That the power of appointment and selection is in the Director and that the Board employs the nurse, in the sense "to make use of", and is only the paymaster.

█ It would not add anything to this opinion to set forth the argument of appellees in support of their theory that the word "employ" as found in the statute means "to make use of". It is sufficient to say that their theory, though ably presented in brief and argument, does not convince us. Human beings, even though employed, are not "made use of" in the same sense that a contractor "makes use of" a load of brick. We might agree with appellees, had the statute provided that the Board should "make use of the services" of the county nurse.

We believe that the ordinary meaning of the word "employ", as used in the act before us, is the generally accepted meaning given the word when denoting the hiring of an employee.

"To intrust with some duty or behest, as to employ workmen; to employ an envoy." Synonymous with "Hire." Webster's New International Dictionary, Second Edition.

If the Legislature had intended to use the word "employ" in the sense contended for by the appellees, it could just as easily have said so in plain words. The Legislature could have said: " * * * the board of county commissioners of such county, with the approval of the director of public health shall make use of the services of such additional persons as the director of public health shall designate * * *" That would have been a very simple method. Or else, the Legislature might have said: " * * * the director of public health shall appoint such additional employees as he may deem necessary * * *" or other simple and appropriate words. Instead we find that the statute says the "Board may employ" with the approval of the Director such additional employees as the Director deems necessary and designates. The employing power or the power to appoint is with the Board. The veto power over such appointment is lodged in the Director.

The word "employ" as used in the statute in unquestionably synonymous with "hire" or "appoint". In the case of Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 376, 64 L.Ed. 692, the court had under consideration a statute for the purpose of construing the following: "Each head of a department is authorized to employ in his department", etc. Justice Brandeis, in writing the opinion, said: "The term 'employ' is used as the equivalent of appoint."

In Morris v. Parks, 145 Or. 481, 28 P.2d 215, 216, we find: "The terms 'employ' or 'hire' are equivalent to 'appoint.' Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374,

376, 64 L.Ed. 692; Gracey v. City of St. Louis, 213 Mo. 384, 111 S.W. 1159; United States v. Butler (C.C.A. [5 Cir.]) 49 F.(2d) 52, 54."

 In the case before us, the Board employed the county health nurse with the approval of the Director. Her salary was paid from the "county health fund" as provided by the statute. It is not claimed by appellees that the Department or its Director, had anything to say about the salary she was to receive. We assume that the Board determined the compensation to be paid her. We do not believe that the Legislature vested in the Board the doubtful honor of determining and paying the salary of an employee without giving the Board any voice in the employment and discharge of such employee. The Legislature could do that, but it certainly did not do so in this case. If the Board has any control over the amount of salary to be paid an employee, then, ordinarily speaking, that would imply a voice in the matter of hiring and firing. We do not believe the Legislature intended such a situation to arise and that is an additional reason for our inability to agree with the theory of the appellees. If the statute had read: "The board of county commissioners of such county, with the approval of the board of public health, may employ such additional persons" without the phrase " * * * as the director of public health shall designate", it would not be disputed that the power to appoint is lodged with the Board, subject to the approval of the Director. We believe the phrase, "as the director of public health shall desig-

nate", does not change the meaning of the word "employ". This phrase merely gives the Director the authority and power to designate the position or positions to be filled by additional employees.

The act vests in the Director two separate and distinct powers in the matter of employees hired by the Board. He has the power to approve or disapprove the person employed by the Board. Without such approval, the person named by the Board cannot be so employed. The Director also has the power to designate the place to be filled by the Board, as for example, he has the power to say to the Board: "Conditions in your county necessitate the employment of a nurse, stenographer, etc.", when in his opinion conditions require the employment of such additional persons. However, once an employee has been appointed to fill a place which has been designated by the Director as necessary to be filled, such appointee having been approved by the Director, the right to discharge such employee is with the Board and not the Director. A stenographer or clerk may be a necessary employee in the administration of the health affairs of Bernalillo County and would not be necessary in a smaller county. The Director has the power to designate or specify which county or counties should employ such additional employees. The Board then appoints the person to fill such designated place. The approval of the Director as to the fitness and qualifications of the person so appointed or employed must be secured. Such approval, when withheld, is in the nature of a veto.

If, by the word "designate", the Legislature meant that the Director of Public Health should choose the person, there would be nothing left for the Director to approve. We refuse to impute to the Legislature the employment of absurd language. The Legislature surely did not require the Director's approval of his own act in choosing a person to fill a local position within the county. If any effect is to be given to the language requiring the approval of the Director it must relate to an act of the Board.

In the case of State Department of Health v. San Miguel County, 1921, 26 N.M. 634, 195 P. 805, 806, we said in construing § 12 of Ch. 85, L.1919, providing that boards of county commissioners "shall appoint one county health officer, whose appointment shall be subject to approval by the State Board of Health * * *": "Section 12, giving the veto power to the state department of the county health officers appointed by the boards of county commissioners, bears out this construction of the act. The state department, under section 12, has the power to approve or disapprove the appointment made by the board of county commissioners, and until the appointment is approved by the state department there is no such officer as the county health officer provided for in the act."

Holding, as we do, that the appointing power is in the Board, then the power to remove is an incident to that power. In the Board alone, the appointing agency, rests the power to remove. Appellees concede this to be the rule generally, though not universally. Appellees contend that the county nurse in the instant case is a subordinate of the State Board of Health and seem to argue that therefore the power to remove is vested in the Director. Appellees cite the case of Carr v. State, 111 Ind. 101, 12 N.E. 107, as authority.

We find no occasion to deviate from the general rule above announced. The Indiana court, in the very case cited by appellees recognizes the general rule though differing from such general rule in the one case. The best reasoned authorities support the proposition we advance. The United States Supreme Court has held that the power of the president to remove officers appointed by him with the advice and consent of the Senate, carried with it the power to remove without the consent of the Senate. The leading case on the subject is Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160.

The power in the instant case simply stated is this: The Legislature gave the Board the power to appoint. The Legislature gave the Director the power to approve or disapprove. With the power to appoint, as a matter of law goes the power to discharge. No such power is vested in the Director. If the Legislature had desired that the Director should have a voice in the dismissal of such an employee it could have said so. It did not. As already shown, our highest court has held the power to remove is ordinarily incident to the power to appoint, and even though the appoint-

ment originally must have the consent of another agency, the power to remove is not so limited. So it is here.

We find nothing in the case of State Bureau of Public Health v. Board, 39 N.M. 31, 38 P.2d 1111, to aid appellees.

For the reasons given, the judgment of the trial court will be reversed, the cause will be remanded with directions to enter a declaratory judgment to conform to our views. It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.