Dear Senator Bild:
This is in response to your request for an Attorney General's opinion on the following question:
 Under the provisions of RSMo 1978, Sections 85.005 and 57.117 is the City of St. Louis police board mandated by the state to require that watchmen licensed by the City of St. Louis to reside in the State of Missouri?
Section 57.117, RSMo 1978, provides as follows:
 Hereafter no sheriff in this state shall appoint any under sheriff or deputy sheriff except the person so appointed shall be, at the time of his appointment, a bona fide resident of the state. (Emphasis added).
Section 85.005, RSMo 1978, provides as follows:
 The mayor, chief of police and members of the board of police commissioners of any city in this state shall be governed by the same restrictions and subject to the same penalties as a sheriff of any county, under the provisions of section 57.117, RSMo.
See also Section 542.190, RSMo 1978, to the same effect as Sections57.117 and 85.005.
The Board of Police Commissioners of the City of St. Louis has the power to regulate and license private watchmen pursuant to Section 84.340, RSMo 1978, which provides as follows:
 The police commissioner of the said cities shall have power to regulate and license all private watchmen, private detectives and private policemen, serving or acting as such in said cities, and no person shall act as such private watchman, private detective or private policeman in said cities without first having obtained the written license of the president or acting president of said police commissioners of the said cities, under pain of being guilty of a misdemeanor. (Emphasis added).
We believe the resolution to your opinion request turns on the language employed by the legislature in Sections 57.117 and84.340, above cited. More specifically, we must determine whether the verb "appoint" as it appears in Section 57.117 has substantially the same meaning as the verbs "regulate and license" as used in Section 84.340.
We believe the word "appoint" as used in Section 57.117 means to employ or hire for an office or position. See Board of Commissionersof Colfax County v. Department of Public Health, 100 P.2d 222
(N.Mex. 1940). The word "license," as used in Section 84.340, has been defined in Missouri to mean the granting of a special privilege or authority not enjoyed by the class of people to which the licensee belongs to do certain things which without the license would be illegal. See ABC Security Service, Inc. v. Miller,514 S.W.2d 521 (Mo. 1974).
We are aware of a line of cases in Missouri which holds that a policeman is the legal equivalent of a watchman at common law who possesses the power of arrest now vested in peace officers. SeeFrank v. Wabash Railroad Company, 295 S.W.2d 16 (Mo. 1956), ABCSecurity Service, Inc. v. Miller, supra; Manson v. Wabash RailroadCompany, 338 S.W.2d 54 (Mo. banc 1960). These cases specifically address the question of the scope of authority of a watchman licensed pursuant to Section 84.340. Essentially, however, the question you asked has not been passed upon by an appellate court in this state.
Because we believe that the verb "appoint," as it appears in Section 57.117, has a distinctly different meaning than the verb "license" as it appears in Section 84.340, we do not believe the requirements of Section 57.117 apply to watchmen licensed pursuant to Section 84.340. Clearly, the licensing of a watchman does not require the Board of Police Commissioners to undertake any of the responsibilities normally associated with an employer-employee relationship. However, by appointing a person to serve as a police officer, the board does assume such a relationship.
It is our opinion that the requirement of the Board of Police Commissioners of the City of St. Louis that an individual be a resident of the State of Missouri in order to be licensed as a watchman is not mandated by the laws of this state.
CONCLUSION
It is the opinion of this office that the provisions of Sections57.117 and 85.005 do not require that a person licensed as a watchman pursuant to Section 84.340 be a resident of the State of Missouri in order to qualify as a licensee.
Very truly yours,
 JOHN ASHCROFT Attorney General